```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION

TONY STEWART,                      §
                                   §
         Petitioner,                §
                                   §
VS.                                §       No. 4:18-CV-955-Y
                                   §
ERIC D. WILSON, Warden,             §
FMC-Fort Worth,                    §
                                   §
         Respondent.                §
```

**OPINION AND ORDER**

Before the Court is petitioner Tony Stewart's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as moot.

### I. FACTUAL AND PROCEDURAL HISTORY

Petitioner is confined pursuant to his 2009 conviction in the Western District of Tennessee for conspiracy to distribute over 50 grams of methamphetamine. (Redacted J., United States v. Stewart, Case No. 1:08-cr-10049-JDB, doc. 193.) By way of this petition, Petitioner challenges a 2017 disciplinary proceeding conducted at FMC-Fort Worth, and the resultant sanctions, including the loss of 41 days of accrued good conduct time. (Pet. 2, doc. 1.)

### II. DISCUSSION

Petitioner was charged in Incident Report No. 2967907 with refusing to provide a urine sample, a code 110 violation. (Resp't's

App. 2, doc. 10.) Following a disciplinary hearing on April 20, 2017, the disciplinary hearing officer (DHO) found Petitioner in violation of the prohibited act. (*Id.*) Petitioner appealed the DHO's decision based on a medical condition that inhibits his ability to urinate standing up, to no avail. He claims that he is actually innocent of the violation.

Respondent has provided the declaration of Alisha Gallagher, an "honors attorney" for the Bureau of Prisons (BOP), confirming that, based on Petitioner's allegations in this habeas petition, the BOP has reexamined the disciplinary proceeding, withdrawn the sanctions, restored Petitioner's good conduct time, and expunged the incident report from his prison record. (*Id.* at 2-3.) Respondent asserts that the petition has, thus, been rendered moot. (Resp't's Resp. 2-3, doc. 8.) The Court agrees. As there is no longer any relief for the Court to award, the petition is rendered moot and should be dismissed.

### III. CONCLUSION

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as moot.

SIGNED June 17, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE